AO (Rev. 5/85) Criminal Complaint

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

UNITED STATES OF AMERICA　　　　　　　**CRIMINAL COMPLAINT**

vs.

　　　　　　　　　　　　　　　　　　　　CASE NUMBER: 6:11-mj-1356

CARLOS MANUEL PEREZ

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about August 12, 2011, in Orange County, in the Middle District of Florida, defendant(s),

> did knowingly and intentionally possess with intent to distribute 1 kilogram or more of a mixture and substance containing a detectable amount of heroin, a controlled substance listed in Schedule I of Title 21, United States Code, Section 812,

in violation of the provisions of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(i).

I further state that I am a(n) Task Force Agent with United States Drug Enforcement Administration, and that this Complaint is based on the following facts:

### SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof: ☐ Yes ☐ No

_____
Signature of Complainant
James Carlies Jr.

Sworn to before me and subscribed in my presence,

August 15, 2011　　　　　　　　　　　　at　　　Orlando, Florida

_____　　　　　_____
United States Magistrate Judge　　　　　　　Signature of Judicial Officer
Name & Title of Judicial Officer

STATE OF FLORIDA                                   CASE NO. 6:11-mj-1356

## AFFIDAVIT

I, James Carlies Jr., duly sworn, state the following:

1.      Your Affiant is a sworn Task Force Agent (TFA) with the United States Drug Enforcement Administration (DEA) and has been so employed since October 2008. Your Affiant is presently assigned to the Miami Field Division, Orlando District Office.

2.      The purpose of this affidavit is to set forth probable cause for the arrest of **CARLOS MANUEL PEREZ** for possessing with intent to distribute 1 kilogram or more of a mixture or substance containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 841(a)(1). This affidavit is not intended to include each and every fact and matter known by your Affiant or known to the government, but rather it sets forth those facts your Affiant believe are necessary to establish probable cause.

3.      On August 12, 2011, at approximately 7:51 P.M., Orlando Police Department (OPD) Officers Brillant and Devitt conducted a traffic stop on a Blue GMC Yukon being driven by **CARLOS MANUEL PEREZ** for a moving violation infraction near State Road 528 and Semoran Boulevard in Orange County, in the Middle District of Florida.  During the traffic stop, Officer Devitt obtained consent to search the vehicle and discovered three plastic bags in the rear seat area that contained four body suits that had rectangular items sewn in all of them. Upon further investigation of the items, it was discovered that the items was approximately 11,108 grams of heroin. OPD officers transported **PEREZ** to the OPD Southeast Patrol Community Office (SEPCO).

1

4.  Your Affiant along with TFA Anderson spoke with **PEREZ** at OPD SEPCO. **PEREZ** stated that earlier in the week he was given $50,000 cash in two shopping bags and a cellular telephone by an individual known to him only as "Chino" in Philadelphia, PA. **PEREZ** stated that he was instructed to bring those items to Orlando, FL and to give them to some unknown individuals in return for some clothes. **PEREZ** stated that he left Philadelphia around 8:00 P.M. Thursday night and headed for Orlando, FL. **PEREZ** admitted that he thought that the item he was going to receive from the individuals in Florida would possibly be cocaine. **PEREZ** stated that once he was approximately two hours out from Orlando he called the telephone number that he was given by "Chino" and told the person on the other line that he was approximately two hours out. **PEREZ** was then instructed where to meet the individuals in Orlando.

5.  Upon arriving in Orlando, **PEREZ** met with two individuals that were driving a gold Nissan Pathfinder at the Home Depot off of Narcossee Road near State Road 528. **PEREZ** stated that the he got into the back seat of the vehicle and rode to an unknown residence and went inside with the individuals to count the money. Once the money was counted and confirmed, **PEREZ** and one of the unknown males left the residence and went to a storage unit off of Narcossee Road. **PEREZ** stated that the male went inside a storage unit and retrieved the plastic bags from a large garbage can. **PEREZ** stated that the male pulled one of the body suits out of the bag and showed it to him. The unknown male then took **PEREZ** back to his vehicle, and they both went their separate ways. **PEREZ** stated that he immediately called "Chino" and told him that he had the items. **PEREZ** stated that he was pulled over shortly after that.

6. **PEREZ** further stated that he previously borrowed approximately $5,000 from "Chino" to come to Florida for vacation. According to **PEREZ**, "Chino" told him that once he made this trip that the balance of what he owed "Chino" would be clean and that "Chino" was to pay him an additional $5,000.

7. Based upon the foregoing, your Affiant respectfully submits that probable cause exists to believe that **PEREZ** possessed with the intent to distribute 1 kilogram or more of a mixture or substance containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 841(a)(1).

Further your Affiant sayeth not.

James Carlies Jr., Task Force Agent
U.S. Drug Enforcement Administration

Sworn to and subscribed
before me this 15th day
of August 2011

UNITED STATES MAGISTRATE JUDGE

3